IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DR. RONALD CLARKE,    :
            :
 Plaintiff,     :
            :
vs.          : CIVIL ACTION 11-00643-CG-B
            :
TOLBERT ENTERPRISES, LLC,  :
*et al.*,         :
            :
 Defendants.    :

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants Tolbert Enterprises, LLC and Sopramco, Inc.'s Motions to Dismiss (Docs. 19, 22) and Plaintiff's response (Doc. 28), which the Court is construing as a Motion to Amend.  The motions have been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration, the undersigned recommends that Plaintiff's Motion for Leave to Amend be granted, and that Defendants' Motions to Dismiss be dismissed as moot.

Plaintiff Dr. Ronald Clark filed this action alleging that Defendants Tolbert Enterprises, LLC and Sopramco, Inc. discriminated against him on account of his race by intentionally interfering with his right to redeem certain real property in violation of 42 U.S.C. § 1981.  In seeking the dismissal of Plaintiff's Complaint, Defendants argue that Plaintiff lacks standing and that his claims are barred by the

statute of limitations and res judicata (Docs. 19, 22). Defendants also assert that Plaintiff has failed to state a claim upon which relief may be granted and that he has failed to state a claim for discrimination with the required specificity. (Id.) In his response, Plaintiff requests leave to amend his Complaint in order to address the issues raised by Defendants and to possibly add an additional defendant. (Doc. 28). Defendants, in turn, argue that Plaintiff's request for leave to amend should be denied because aside from his conclusory assertions, Plaintiff has not provided any substantive information about the proposed amendment. (Docs. 29, 30).

Pursuant to Fed. R. Civ. P. 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required, twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, the party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). Notwithstanding the court's discretion, Rule 15(a) directs

courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).   In  considering a motion for leave to amend, the court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile."   Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

Because Plaintiff's request to amend comes outside of the window provided in Rule 15(a)(1), leave of Court is required absent the written consent of the adverse parties.   As noted supra, Defendants oppose Plaintiff's request to amend and essentially argue that Plaintiff has failed to provide any specifics regarding his proposed amendment and that any such amendment would be futile.   However, the undersigned finds that based on arguments made in Defendants' motions seeking dismissal, it is conceivable that Plaintiff can amend his Complaint so as to correct some of the alleged deficiencies. For instance, Defendants argue that Plaintiff has failed to allege facts that demonstrate that he had an interest in the subject land that would have bestowed upon him the right of redemption under ALA. Code § 6-5-248.   Defendants also assert that Plaintiff fails to allege facts that suggest that he had any communications with Defendants about redeeming the property or that Defendants were aware of his race.   While the absence of such facts may prove fatal to Plaintiff's case, it is not clear,

at this early juncture, that these deficiencies cannot be corrected.  Moreover, there is nothing in the record that suggests that Defendants would be prejudiced by an amendment or that Plaintiff has not been diligent in requesting permission to amend his Complaint.  Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to Amend be **granted** and that Defendants' Motions to Dismiss be denied as **moot**.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **18th** day of **July, 2012.**

                    /s/ SONJA F. BIVINS
              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. *Objection*.   Any party who objects to this recommendation, or anything in it, must, within **fourteen days** of the date of service of this document, file specific written objections with the Clerk of this Court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.