**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DR. RONALD CLARKE, *et al.,* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO.11-00643-CG-B |
| | * | |
| TOLBERT ENTERPRISES, LLC, | * | |
| *et al.,* | * | |
| | * | |
| Defendants. | * | |

<u>**Report and Recommendation**</u>

This matter is before the Court on Defendant Tolbert Enterprises, LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Docs. 37). The motion has been fully briefed and has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned RECOMMENDS that Defendant Tolbert Enterprises, LLC's Motion to Dismiss Plaintiffs' Amended Complaint be **GRANTED.**

**I.   Background Facts**

Plaintiff Dr. Ronald Clarke commenced this action against Defendants Tolbert Enterprises, LLC ("Tolbert") and Sopramco, Inc. ("Sopramco") on November 15, 2011 (Doc. 1). Defendants filed motions to dismiss, and in response thereto, Plaintiff requested leave to file an amended complaint. (Docs. 19, 22, 28). Plaintiff was granted leave to amend his complaint, and on

August 10, 2012, Plaintiff filed an amended complaint. (Docs. 35, 36). In the amended complaint, Dr. Ronald Clarke and Paradise Land Enterprises, L.L.C. are listed as Plaintiffs. They allege that Dr. Clarke is an officer and member of Paradise Land Enterprises, L.L.C. ("Paradise Land"), and that Paradise Land secured a mortgage through Regions Bank on December 12, 2002 for real property located at 2040 Schillinger Road, Mobile, Alabama 36695.

According to Plaintiffs, Regions Bank subsequently assigned the mortgage to Sopramco, and on December 1, 2008, the property was sold at a foreclosure sale wherein Sopramco was the highest bidder. (Doc. 36 at 2). Plaintiffs further assert that they made repeated requests to Sopramco for information regarding the debt due in an effort to redeem the property. However, Sopramco did not provide the requested information until August 10, 2009, and at that time, Sopramco demanded that Plaintiffs submit the redemption amount within ten (10) days. Because of the short notice, Plaintiffs were unable to tender the redemption amount. Sopramco sold the subject property to Defendant Tolbert on October 14, 2009, and Tolbert received a redemption deed that it recorded. Upon learning, on November 30, 2009, of the sale to Tolbert, Paradise Land filed a complaint for redemption in the Circuit Court of Mobile County, Alabama (without tendering the redemption amount). The complaint was ultimately dismissed on

summary judgment. The Alabama Supreme Court upheld the dismissal. (Docs. 1 at 3; 36 at 3).

Plaintiffs allege that Defendants Sopramco and Tolbert discriminated against Plaintiff Clarke on account of his race, and Paradise Land on account of its status as a minority owned entity in violation of 42 U.S.C. § 1981. Plaintiffs further allege that Defendants refused to provide them with the information required to successfully exercise their redemption rights. Plaintiffs seek compensatory and punitive damages, in addition to attorney's fees and restoration of the right to redeem the real property.

Defendant Tolbert filed the instant motion to dismiss (Doc. 37), and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on four grounds: the amended complaint fails to state a claim upon which relief can be granted, Plaintiff Dr. Clarke lacks standing to assert any claims under either § 1981 or for statutory redemption, and the claims asserted by Plaintiff Paradise Land are barred by res judicata and the statute of limitations. (Id.).

## II. Analysis

### A. Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the

court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F. 3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.

Id.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**B. Defendant's Contentions**

As noted supra, Defendant Tolbert asserts that this action should be dismissed for failure to state a claim upon which relief can be granted. Section 1981 of Title 42 of the United States Code protects an individual's right to be free from discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a),(b).  To state a claim for non-employment discrimination under § 1981, a plaintiff must allege (1) he is a member of a racial minority, (2) the defendant intended to racially discriminate against him, and (3) the discrimination concerned one or more of the activities enumerated in the statute.

In the instant case, Plaintiffs' sole allegation of racial discrimination is that the Defendants:

> intentionally and with malice discriminated against the Plaintiffs . . . by refusing to allow them to redeem the subject property on the basis of Dr. Clarke's race and the racial minority status and ownership of Paradise.  Specifically, said Defendants deliberately refused to provide Plaintiffs with the information required to successfully exercise their redemption interest.

(Id., at ¶ 9).  These allegations are not sufficient to state a claim for race discrimination under section 1981.  Based on Plaintiffs' allegations, Tolbert's only involvement in this case consisted of purchasing the subject property, having a redemption deed issued in its name, and recording the deed. (Doc. 38 at 2).  Assuming the truth of Plaintiffs' allegations, they are not sufficient to state a plausible claim of race discrimination against Defendant Tolbert.  As the Eleventh Circuit has explained, "while a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." Jackson v. BellSouth Telecomms, 372 F. 3d 1250, 1271 (citation omitted). Indeed, "notice pleading still requires a plaintiff to provide the defendant with fair notice of the factual grounds on which the complaint rests." Id.  Wholly conclusory allegations of law are insufficient to meet even liberal standards of federal pleading. Id., 372 F. 3d at 1273.  Plaintiffs' wholly conclusory assertion that Defendant Tolbert discriminated against them on account of their race or racial status falls well short of even the most generous reading of pleading standards under the Federal Rules of Civil Procedure.  Accordingly, Plaintiffs' § 1981 claim is due to be **DISMISSED** for failure to state a claim.

Plaintiffs' redemption related claim, based upon Ala. Code § 6-5-252 is likewise due to be dismissed.  § 6-5-252 provides, in pertinent part, as follows:

> Anyone desiring and entitled to redeem may make written demand of the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges to the purchaser or his or her transferee.  If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements and the party so entitled to redeem may, on the expiration of the 10 days, file his or her complaint without a tender to enforce his or her rights under this article and file a lis pendens with the probate court.
>
> Code of Alabama 6-5-252

As best the Court can determine, Plaintiffs are claiming that Defendants interfered with their right to redeem the subject property in violation of § 6-5-252, and are thus liable for the damages Plaintiffs suffered as a result.  However, a searching review of the amended complaint does not reveal any facts that suggest that Defendant Tolbert had any involvement in Plaintiffs' attempts to redeem the subject property.  According to Plaintiffs, Sopramco sold the subject property to Defendant Tolbert on October 14, 2009, and Tolbert received a redemption deed that it later recorded.  These bare allegations do not

provide fair notice to Defendant Tolbert of the factual grounds on which the amended complaint is based.   Simply put, the allegations amount to little more than unadorned, "the-defendant-unlawfully-harmed-me accusations", which are not sufficient to establish a plausible cause of action. Accordingly, Plaintiffs' redemption related claim is due to be **DISMISSED** for failure to state a claim.

### III. Conclusion

For the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS that Defendant Tolbert's Motion to Dismiss Plaintiffs' Amended Complaint be **GRANTED**[1] and that Plaintiffs' claims against Tolbert be **DISMISSED** with prejudice.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **28th** day of **February, 2013**.

_____
**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**


### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS

_____

[1] Because Plaintiffs have not established plausible claims against Defendant Tolbert, the undersigned has not addressed Defendant's other arguments relating to standing, res judicata and the statute of limitations.

**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of

---

[2]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.   Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.