**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DR. RONALD CLARKE, *et al.*,      *
                                  *
    Plaintiffs,              *
                                  *
vs.                               *   CIVIL ACTION NO: 11-00643-CG-B
                                  *
SOPRAMCO CV8,                     *
                                  *
    Defendant.               *

### Report and Recommendation

This action is before the Court on Defendant Sopramco CV8's (hereinafter "Sopramco") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 53).   The motion has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).   Upon consideration, the undersigned RECOMMENDS that Sopramco's Motion to Dismiss Plaintiffs' Amended Complaint be **GRANTED** and that all claims against Sopramco CV8 be dismissed with prejudice.

### I. Background Facts

Plaintiff Dr. Ronald Clarke commenced this action against Defendants Tolbert Enterprises, LLC ("Tolbert")[1] and Sopramco, on November 15, 2011 (Doc. 1).   Defendants filed motions to

_____

[1] In an Order dated March 26, 2013, the Court granted Defendant Tolbert's Motion to Dismiss, and dismissed Plaintiffs' claims against Defendant Tolbert for failure to state a claim. See (Docs. 51, 57).

dismiss, and in response thereto, Plaintiff requested leave to file an amended complaint. (Docs. 19, 22, 28). Plaintiff was granted leave to amend his complaint, and on August 10, 2012, Plaintiff filed an amended complaint. (Docs. 35, 36). In the amended complaint, Plaintiffs Dr. Ronald Clarke and Paradise Land Enterprises, L.L.C. (hereinafter "Paradise Land") allege that Dr. Clarke is an officer and member of Paradise Land and that Paradise Land secured a mortgage through Regions Bank on December 12, 2002 for real property located at 2040 Schillinger Road, Mobile, Alabama 36695.

According to Plaintiffs, Regions Bank subsequently assigned the mortgage to Sopramco, and on December 1, 2008, the property was sold at a foreclosure sale wherein Sopramco was the highest bidder. (Doc. 36 at 2). Plaintiffs further assert that they made repeated requests to Sopramco for information regarding the debt in an effort to redeem the property. However, Sopramco did not provide the requested information until August 10, 2009, and at that time, Sopramco demanded that Plaintiffs submit the redemption amount within ten (10) days. Plaintiffs assert that due to the short notice, they were unable to tender the redemption amount. Sopramco sold the subject property to Defendant Tolbert on October 14, 2009, and Tolbert received a redemption deed that it subsequently recorded. On November 30, 2009, Plaintiffs learned of the sale to Tolbert, and Paradise

Land filed a complaint for redemption in the Circuit Court of Mobile County, Alabama (without tendering the redemption amount). Plaintiffs assert that the state complaint was ultimately dismissed on summary judgment, and on appeal, the Alabama Supreme Court upheld the dismissal. (Docs. 1 at 3; 36 at 3).

In the instant action, Plaintiffs allege that Defendants Sopramco and Tolbert discriminated against Plaintiff Clarke on account of his race, and against Paradise Land on account of its status as a minority owned entity in violation of 42 U.S.C. § 1981. Plaintiffs further allege that Defendants refused to provide them with the information required to successfully exercise their redemption rights. Plaintiffs seek compensatory and punitive damages, in addition to attorney's fees and restoration of the right to redeem the real property.

Defendant Sopramco filed the instant Motion to Dismiss (Doc. 53) [2] , and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on several grounds:

---

[2] Defendant Sopramco's original motion to dismiss was rendered moot by Plaintiffs' amended complaint. Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary")(quoting Dresdner Bank AG, Dresdner Bank AG in

> Plaintiffs' Complaint and Amended Complaint fail to plead a claim for discrimination under 42 U.S.C. § 1981 with the requisite specificity, factual basis, or plausability; Plaintiffs' redemption claim fails to state a claim for relief; Plaintiffs' claims are barred by the applicable statute of limitations periods; Plaintiffs' claims are barred by res judicata and issue preclusion; and Plaintiff Clarke lacks standing to assert either a claim under 42 U.S.C. § 1981, or a claim for redemption.

(Doc. 53).

In an Order dated March 13, 2013 (Doc. 54), Plaintiffs were directed to file a response to Defendant's motion by March 27, 2013. Plaintiffs did not file a response; however, on April 18, 2013, Plaintiffs filed a motion for leave to file their response out of time (Doc. 55). Although Plaintiffs were granted leave to file their response out of time, to date, no response has been filed. Accordingly, Defendant Sopramco's motion is ripe for resolution.[3]

## II. Analysis

### A. Legal Standard

Although Plaintiffs have not responded to Sopramco's motion, Sopramco, as the Rule 12(b)(6) movant, bears the initial burden

---

Hamburg v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)).

[3] Notwithstanding Plaintiffs' failure to respond, the Court has analyzed the merits of Defendant's motion.

of demonstrating that it is entitled to dismissal of Plaintiff's claims. See, e.g., Continental Motors, Inc. v. Jewell Aircraft, Inc., 882 F. Supp. 2d 1296, n.26 (S.D. Ala. 2012) ("as the movant in a Rule 12(b)(6) motion, JA bears the burden of explaining why Count III is legally deficient, with citations to authority as appropriate"); Superior Energy Services, LLC v. Boconco, Inc., 2010 U.S. Dist. LEXIS 30196, 2010 WL 1267173, *5 (S.D. Ala. Mar. 29, 2010) ("When attacking a complaint in a motion filed pursuant to Rule 12(b)(6), the moving party bears the burden to show that the complaint should be dismissed for failure to state a claim upon which relief may be granted."); Gulf Offshore Logistics, LLC v. Bender, 2010 U.S. Dist. LEXIS 10908, 2010 WL 500448, *2 (S.D. Ala. Feb. 9, 2010) ("Because the defendant presented a Rule 12(b)(6) motion..., he at all times bore the burden of demonstrating entitlement to dismissal."). Thus, Plaintiffs' "lack of response to the Rule 12(b)(6) Motion does not trigger the kneejerk granting of such Motion on an abandonment theory." See Gailes v. Marengo County Sheriff's Dep't, 2013 U.S. Dist. LEXIS 1765, 2013 WL 81227, *5 (S.D. Ala. Jan. 4, 2013) ("the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss"). Rather, it remains Sopramco's burden as movant to establish its entitlement to relief under Rule 12(b)(6). In light of these circumstances, the Court

scrutinizes Sopramco's Motion to Dismiss in accordance with the following legal standard: "the Court will review the merits of the [movant]'s position and, if it is clearly incorrect or inadequate to satisfy the [movant]'s initial burden, will deny the motion despite the [nonmovant]'s failure to respond.  If, however, the [movant]'s presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the [nonmovant] could have made but by silence elected not to raise." Id.

Additionally, in evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of the plaintiff's allegations. Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an

6

unadorned, the-defendant-unlawfully-harmed-me accusation." Id.,
556 U.S. at 678. A complaint must state a plausible claim for
relief, and "[a] claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." Id. The mere possibility that the
defendant acted unlawfully is insufficient to survive a motion
to dismiss. Id. The well-pled allegations must nudge the claim
"across the line from conceivable to plausible." Bell Atl. Corp.
v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d
929 (2007). In the instant case, the undersigned finds that
Sopramco has met its burden under 12(b)(6).

### B. Defendant's Contentions

#### 1. Race Discrimination Claim

As noted supra, Sopramco asserts that this action should be
dismissed for failure to state a claim upon which relief can be
granted. Title 42 U.S.C. § 1981 protects an individual's right
to be free from discrimination in the "making, performance,
modification, and termination of contracts, and the enjoyment of
all benefits, privileges, terms, and conditions of the
contractual relationship." 42 U.S.C. § 1981(a),(b). To state a
claim for non-employment discrimination under § 1981, a
plaintiff must allege (1) he is a member of a racial minority,

(2) the defendant intended to racially discriminate against him, and (3) the discrimination concerned one or more of the activities enumerated in the statute.

In their amended complaint, Plaintiffs assert that Defendants:

> intentionally and with malice discriminated against the Plaintiffs . . . by refusing to allow them to redeem the subject property on the basis of Dr. Clarke's race and the racial minority status and ownership of Paradise. Specifically, said Defendants deliberately refused to provide Plaintiffs with the information required to successfully exercise their redemption interest.

(Doc. 36 at ¶ 9). Plaintiffs further assert that Sopramco initiated proceedings to foreclose on the subject property, purchased the property in the foreclosure sale, provided Plaintiffs with redemption information on August 10, 2009 and gave Plaintiffs ten (10) days to redeem the property, and then sold the property to Tolbert two months later on October 14, 2009. (Id., at ¶¶ 5-6). Accepting these allegations as true, they are not sufficient to state a claim for race discrimination under section 1981. Plaintiffs do not offer any information regarding the race of Dr. Clarke or the owners of Paradise. Further, Plaintiffs have not offered any facts from which it can be reasonably inferred that Sopramco's actions were motivated by racial biases or were discriminatory in nature. In the absence of such factual allegations, Plaintiffs have failed to state a

plausible claim of race discrimination against Sopramco.  As the Eleventh Circuit has explained, "while a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." Jackson v. BellSouth Telecomms, 372 F.3d 1250, 1271 (citation omitted).  Indeed, "notice pleading still requires a plaintiff to provide the defendant with fair notice of the factual grounds on which the complaint rests." Id.  Wholly conclusory allegations of law are insufficient to meet even liberal standards of federal pleading. Id., 372 F.3d at 1273. Plaintiffs' wholly conclusory assertion that Sopramco discriminated against them on account of their race or racial status falls well short of even the most generous reading of pleading standards under the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Section 1981 claim is due to be **DISMISSED** for failure to state a claim.

## 2. Redemption Claim

Plaintiffs' redemption related claim, based upon Ala. Code § 6-5-252, is likewise due to be dismissed.  Section 6-5-252 provides, in pertinent part, as follows:

> Anyone desiring and entitled to redeem may make a written demand to the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such

9

person making the demand with a written, itemized
statement of all lawful charges to the purchaser or
his or her transferee.  If the purchaser or his or
her transferee fails to furnish a written, itemized
statement of all lawful charges within 10 days
after demand, he or she shall forfeit all claims or
right to compensation for improvements and the
party so entitled to redeem may, on the expiration
of the 10 days, file his or her complaint without a
tender to enforce his or her rights under this
article and file a lis pendens with the probate
court.

Code of Alabama 6-5-252.

As best the Court can determine, Plaintiffs claim that
Sopramco interfered with their right to redeem the subject
property in violation of § 6-5-252, and are thus liable to
Plaintiffs for the damages Plaintiffs suffered as a result.  The
gist of Plaintiffs' claim is that ". . .Defendants deliberately
refused to provide Plaintiffs with the information required to
successfully exercise their redemption interest." (Doc. 36, ¶ 9).
Defendant contends that the instant action, including Plaintiffs'
redemption related claim, is barred by res judicata.  According
to Defendant, the instant action involves the same set of
operative facts as the previously filed state court action, and
the redemption claim was expressly asserted, litigated and
adjudicated in state court.  Thus, it is barred by the doctrine
of res judicata and issue preclusion.

"Res judicata, or claim preclusion, bars a party from
relitigating a cause of action that was, or could have been,

raised in a previous suit between the parties that resulted in a final judgment on the merits." Sherrod v. School Bd. of Palm Beach County, 272 Fed. App'x 828, 829 (11th Cir. 2008) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)). "A party seeking to invoke res judicata must satisfy four elements: '(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.'" Id. (quoting In re Piper Aircraft, supra).

In the instant case, Plaintiffs acknowledge, in their amended complaint, that Paradise filed a complaint for redemption against Defendants Sopramco and Tolbert in the Circuit Court of Mobile County, Alabama on November 30, 2009, that Paradise's claim against Sopramco was dismissed, and that on appeal, the dismissal was affirmed by the Alabama Supreme Court. (Doc. 36 at ¶ 7). Thus, there is no question that the prior decision was rendered by courts of competent jurisdiction. It is equally clear that the decision dismissing the state court action is final and that it was entered on the merits. Indeed, in granting Sopramco's motion to alter or modify order denying Sopramco's motion to dismiss, the trial court dismissed

Paradise's claims against Sopramco, and the dismissal was affirmed on appeal. (Docs. 1 at 3; 36 at 3).

In addition, both actions involve near identical parties. Paradise named Sopramco was as a defendant both in this action, and in the state court action.  Although it does not appear that Plaintiff Clarke was a party to the state court action, as the owner and an officer of Paradise, he is clearly in privy with Paradise; thus, the undersigned finds that both actions involve the same parties or their privies. Olmstead v. Amoco Oil Co., 725 F.2d 627, 631-32 (11th Cir. 1984) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").  The undersigned further finds that while a redemption claim was asserted in the state court action and in this action Plaintiffs seek to assert a closely related claim for interference with their redemption rights, assuming arguendo that such a claim is actionable, it could have been raised in the state court action because it arises out of the same nucleus of operative facts as the redemption claim and involves the foreclosure of Plaintiffs' property.  Therefore, the claim is barred by res judicata. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (Causes of action in a second suit are barred if they could have been raised in the first suit.); Olmstead, 725 F.2d at 632 (Res judicata "extends not

only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'"); <u>Pleming v. Universal-Rundle Corp.</u>, 142 F.3d 1354, 1356-57 (11th Cir. 1998) ("Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'") (citations omitted). Accordingly, Plaintiffs' redemption related claim is due to be **DISMISSED** due to res judicata.

### III. Conclusion

For the reasons stated herein, the undersigned RECOMMENDS that Defendant Sopramco's Motion to Dismiss Plaintiffs' Amended Complaint be **GRANTED** [4] and that Plaintiffs' claims against Sopramco CV8 be **DISMISSED** with prejudice.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28

---

[4] In light of the instant recommendation, the undersigned has not addressed the other arguments raised in Defendant Sopramco CV8's Motion to Dismiss Plaintiffs' Amended Complaint.

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

        **DONE** this **10th** day of **July, 2013.**

                                **/s/ SONJA F. BIVINS**
                        **UNITED STATES MAGISTRATE JUDGE**