IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DR. RONALD CLARKE and           )
PARADISE LAND ENTERPRISES,      )
LLC,                            )
                                )
    Plaintiffs,                 )
                                )
vs.                             )   Civil Action No. 11-00643-CG-B
                                )
TOLBERT ENTERPRISES, LLC,       )
and SOPRAMCO, INC.,             )
                                )
    Defendants.                 )

**ORDER ON TOLBERT ENTERPRISE'S
MOTION FOR ATTORNEY'S FEES**

On December 1, 2008, Defendant Sopramco, Inc., bought a piece of real property at a foreclosure auction. Two months later on January 30, Plaintiff Paradise Land Enterprises, LLC, the property's former owner, e-mailed Sopramco asking for a written statement of the debt due on redemption. Sopramco didn't respond, so Paradise Land asked again in July. On August 10, Sopramco finally responded with a redemption amount, but also demanded payment within ten days. Paradise Land couldn't come up with the money. On October 14, 2009, Sopramco sold the property to Defendant Tolbert Enterprises, Inc.

Two years later,[1] Plaintiff Ronald Clarke, a member and agent of

---

[1] In the meantime, Paradise Land had pursued an unsuccessful action for redemption of the property in state court.

Paradise Land, filed this lawsuit against Sopramco and Tolbert Enterprises. According to Clarke's first complaint, he believes that Sopramco and Tolbert "refus[ed] to allow him to redeem the subject property on the basis of his race and nationality." (Doc. 1.)

But Clarke has yet to explain how Tolbert Enterprises supposedly prevented him from redeeming the property. As far as factual allegations are concerned, the complaint only accuses Tolbert Enterprises of buying a piece of property and recording the deed. There's nothing illegal about that. Thus, on Judge Bivins's recommendation, the court dismissed Clarke's claims against Tolbert Enterprises because they fell "well short of even the most generous reading of pleading standards under the Federal Rules of Civil Procedure" (Doc. 51 at 6.)

And even now, after five chances to allege a factual basis for his claims against Tolbert Enterprises,[2] Clarke has not identified anything that Tolbert Enterprises allegedly did to interfere with his right to redeem. As an explanation for his decision to sue Tolbert Enterprises, Clarke has only this to say:

> It is undisputed that Plaintiff Ronald Clarke is an African-American and owner of a small business. His business suffered property loss, and, he believed it to be the result of racial discrimination. When greater details concerning his belief were

---

[2] Clarke could have explained the factual basis for his claims against Tolbert Enterprises (1) in his first complaint, (2) in his response to Tolbert Enterprises' motion to dismiss his first complaint, (3) in his amended complaint, (4) in his response to Tolbert Enterprises' motion to dismiss his amended complaint, and (5) in his response to Tolbert Enterprises' motion for attorney's fees.

2

> demanded as a result of Tolbert's motion to dismiss, he was unable to provide them.

(Doc. 68 at 2.)

Even if Clarke believed that he had suffered discrimination, he had no reason blame Tolbert Enterprises. At least so far a Tolbert Enterprises is concerned, this lawsuit should never have been filed. But it was, so Tolbert Enterprises had to mount a defense against this "burdensome litigation" despite its lack of a "legal or factual basis." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 420 (1978). That defense wound up costing over $17,000. Tolbert Enterprises says that Clarke should have to pay those costs. The matter comes before the court on Tolbert Enterprise's motion for attorney's fees under 42 U.S.C. § 1988. (Doc. 63.)

Section 1988 authorizes courts to "requir[e] plaintiffs to pay the defendant's attorney's fees where there clearly was no good reason to bring the lawsuit." Young v. New Process Steel, LP, 419 F.3d 1201, 1206 (11th Cir. 2005). To decide whether attorney's fees are appropriate under § 1988, the court considers whether "(1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial." Bonner v. Mobile Energy Servs. Co., L.L.C., 246 F.3d 1303, 1304 (11th Cir. 2001) (citing Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir.1985)). The first and third considerations weigh in favor awarding attorney's fees: Clarke never even *alleged* a prima facie case, much less established one, and this case was dismissed well before it ever got past

3

the pleadings. Nor does the second consideration weigh against an award of attorney's fees; given Clarke's persistent inability to explain Tolbert Enterprises' involvement in this lawsuit, it would have been imprudent to make a settlement offer before moving to dismiss. Accordingly, the court finds that Tolbert Enterprises is entitled to recover the attorney's fees it incurred defending against this lawsuit. See Roper v. Edwards, 815 F.2d 1474, 1478 (11th Cir. 1987) (holding that an award of attorneys fees was "clearly justified" in light of the "total absence of credible evidence" in support of the plaintiffs' claims).

Tolbert Enterprises is not, however, entitled to the full amount of attorney's fees it seeks. One item in the invoices from Tolbert's attorney reflects a conversation about "whether Tolbert Enterprises w[ould] engage Jones Walker to assist" with a matter pending in state court. (Doc. 65-1 at 9.) Tolbert Enterprises is only entitled to the attorney's fees it incurred defending against *this* lawsuit, so the court will exclude that entry from its calculation of attorney's fees. Other than that entry, however, the court finds that the fees and expenses[3] Tolbert seeks are reasonable in light of twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974) abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989).

---

[3] See Dowdell v. City of Apopka, Florida, 698 F.2d 1181, 1192 (11th Cir. 1983) ("We hold that, with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988.").

4

It is therefore **ORDERED** that Tolbert Enterprises' motion for attorney's fees (Doc. 63) is **GRANTED** and that Tolbert Enterprises is entitled to an award of attorney's fees in the amount of **$17,760.28**, assessed jointly and severally against Dr. Ronald Clarke and Paradise Land Enterprises, LLC.

**DONE** and **ORDERED** this 11th day of December, 2013.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**